UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JACQUES CEDELLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-01958 (ESH) |
| ) | |
| JO ANNE B. BARNHART, Commissioner, ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jaques Cedelle, a French citizen, seeks payment of Social Security retirement benefits that he earned during a period of permanent residency in the United States. He raised the same claim in a suit that this Court dismissed last year based on his failure to exhaust the available administrative remedies. *See Cedelle v. Barnhart*, No. 05-1868, slip op. at 1 (D.D.C. Feb. 21, 2006). Defendant again moves to dismiss plaintiff's suit for lack of exhaustion and, regrettably, the Court is constrained to grant the motion, thus further delaying the ultimate resolution of this case.

### BACKGROUND

While working in the United States as a permanent resident,[1] plaintiff made contributions to the Social Security system. *Id.* Plaintiff was deported in 1998, and he now lives in France. (*See* Cmpl. ¶ 3.)

In March 2004, while living in France, plaintiff filed a claim for Social Security

---

[1] Neither the complaint nor the pleadings indicate how long plaintiff lived and worked in the United States.

retirement benefits.  (Pl.'s Ex. 1 at 8.)  Plaintiff's claim was initially denied in July 2004 on the ground that, although he qualified for retirement benefits of $1,072.20 per month, he was ineligible to receive payments because he had been deported and no longer resided in the United States.  (*Id.*)  Plaintiff requested reconsideration of the initial determination, but the initial determination was affirmed.  (*Id.*)  Accordingly, in February 2005, he requested a hearing before an administrative law judge ("ALJ").  (*See id.* at 6.)  When the Social Security Administration ("SSA") did not respond to plaintiff's request for a hearing by June 26, 2005, he filed suit in the U.S. District Court for the District of Maryland.  (*See id.*)  That court transferred the case here, where it was dismissed on February 21, 2006, based on plaintiff's failure to exhaust his administrative remedies.  *Cedelle*, slip op. at 7.  In dismissing plaintiff's case, however, the Court admonished the SSA to "assist [him] in exhausting his claim expeditiously."  *Id.* at 6 n.4.

Unfortunately, that did not happen, and plaintiff did not receive a hearing before an ALJ until August 2006.  (Cmpl. ¶ 6.)  Soon thereafter, on September 12, 2006, the ALJ affirmed the SSA's initial decision that plaintiff's retirement benefits should be withheld so long as plaintiff resides outside the United States.  (*Id.* ¶ 7.)  However, although the SSA received plaintiff's request for review of the ALJ's decision on October 11, 2006, the Appeals Council has yet to issue a response.  (*See* Pl.'s Ex. 2 at 2; Answer at 6; Reply at 2.)  Plaintiff again failed to wait for a response from the Appeals Council and instead, on November 15, 2006, he filed suit in this Court.

## ANALYSIS

The Social Security Act provides for judicial review of "any final decision of the Commissioner of Social Security made after a hearing."  42 U.S.C. § 405(g) (2006).  The Supreme Court has explained that a "final decision" for purposes of § 405(g) "consists of two

elements": a presentment requirement and an exhaustion requirement.  *Bowen v. City of New York*, 476 U.S. 467, 483 (1986) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)).  The presentment requirement is fulfilled "by . . . filing an application for benefits."  *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 46–47 (2000).  To satisfy the exhaustion requirement, a claimant must comply with the SSA's four-step administrative review process.  20 C.F.R. § 404.900(a) (2006).  A claimant first receives an initial determination regarding his claim.  *Id*. § 404.900(a)(1).  The claimant may then seek reconsideration of the initial determination.  *Id*. § 404.900(a)(2).  If dissatisfied, the claimant then has sixty days to request a hearing before an ALJ.  *See id*. §§ 404.900(a)(3), 404.929, 404.933.  Finally, if still dissatisfied, the claimant must seek review of the ALJ's decision by the Appeals Council.  *Id*. § 404.900(a)(4).  Without a decision from the Appeals Council or a notice that review has been denied, there is no judicially reviewable final decision.  *See id*. §§ 404.981, 422.210.

Here, defendant concedes that plaintiff satisfied the presentment requirement for judicial review, asserting only that he has not satisfied the exhaustion requirement.  Although plaintiff disputes defendant's assertion, he does not claim to have received either a decision from the Appeals Council or a notice that the Appeals Council has denied review of the ALJ's decision.  Accordingly, the Court has no difficulty concluding that plaintiff has not yet exhausted his administrative remedies.  *See id.* §§ 404.981, 422.210.

However, the Social Security Act's exhaustion requirement may be waived.  *E.g.*, *City of New York*, 476 U.S. at 483.  In arguing that defendant waived the requirement in this case, plaintiff emphasizes a statement from defendant's motion to dismiss the mandamus action that plaintiff filed in the U.S. District Court for the District of Maryland shortly before the ALJ finally

3

scheduled his administrative hearing. (*See* Answer at 4–5.) In the motion to dismiss, defendant's counsel stated: "[N]ow that [plaintiff's] *administrative claim has been adjudicated*, his recourse is governed by 42 U.S.C. § 405(g)." (*Id.* at 5 (quoting defendant's motion to dismiss the mandamus action).) As defendant concedes, counsel's statement was less than "artful." (Reply at 2.) Nonetheless, it is clear from the timing and context of defendant's motion to dismiss that, when stating that plaintiff's "administrative claim [had] been adjudicated," counsel was merely informing the Maryland court that plaintiff had received a hearing and decision from the ALJ. (*See id.* (emphasis omitted); *see also* Answer at 3 (noting that defendant's motion to dismiss was filed on September 25, 2006, roughly two weeks after the ALJ's decision).) Plaintiff cannot credibly argue that he understood defendant to have waived the requirement of further exhaustion given that, shortly after the dismissal of his mandamus action, he appealed the ALJ's decision to the Appeals Council. (*See* Pl.'s Ex. 2 at 2 (showing that plaintiff's request for review was received on October 11, 2006).)

The pertinent question is not whether defendant waived plaintiff's failure to exhaust, but whether this Court should excuse it. *See, e.g*, *City of New York*, 476 U.S. at 483 (explaining that, in special cases, courts may excuse the exhaustion requirement of § 405(g)). A court may excuse a claimant's failure to exhaust in two circumstances: (1) when the claim brought in federal court is "collateral" to the substantive claim of entitlement to benefits and insisting on exhaustion could cause the claimant irreparable harm; and (2) when insistence on exhaustion would be futile. *E.g.*, *Ryan v. Bentsen*, 12 F.3d 245, 248–49 (D.C. Cir. 1993); *see, e.g.*, *City of New York*, 476 U.S. at 483 ("The claims in this lawsuit are collateral to the claims for benefits that class members had presented administratively. . . . Moreover, as in [*Mathews v. Eldridge*, 424 U.S.

319 (1976)], the claimants in this case would be irreparably injured were the exhaustion requirement now enforced against them."); *Mathews v. Eldridge*, 424 U.S. 319, 330–32 (1976) (explaining that "Eldridge's constitutional challenge [was] entirely collateral to his substantive claim of entitlement," and that insisting on exhaustion might deprive him of full relief and would not resolve his constitutional challenge); *Mathews v. Diaz*, 426 U.S. 67, 76–77 (1976) (excusing the claimant's failure to exhaust because the defendant had stipulated in district court that the claimant's application, if remanded to the agency, would be denied); *Tataranowicz v. Sullivan*, 959 F.2d 268, 328 (D.C. Cir. 1992) (excusing the exhaustion requirement on the ground of futility).

  This case involves neither of the above circumstances.  Plaintiff's federal claim is in no way collateral to his substantive claim of entitlement to benefits.  He brings the same claim here that he raised administratively.  Furthermore, unlike the plaintiffs in *Eldridge* and *City of New York*, who were receiving benefits and could have suffered irreparable damage to their health by losing those benefits if they had been forced to exhaust their administrative remedies, plaintiff is not now receiving benefits and will not suffer irreparable harm by complying with the exhaustion requirement.  Nor can it be said that insisting upon exhaustion in this case would be futile. Unlike in *Diaz*, defendant here has not stipulated that plaintiff's pending claim before the Appeals Council will be rejected.  Although acknowledging that plaintiff's October 2006 request for review may have been misplaced, defendant asserts that, if this Court dismisses plaintiff's suit, the Appeals Council will treat his federal court complaint as a timely request for review. (*See* Def.'s Ex. 1 at 3; Mot. at 6.)

For the foregoing reasons, defendant's motion to dismiss [Dkt. 7] is **GRANTED**, and this case is **DISMISSED** without prejudice.

s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: April 17, 2007